# UNITED STATES DISTRICT COURT

_____Eastern_____    District of    _____Oklahoma_____

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**V.**<br><br>STEVE ARBY CHANDLER, II | **JUDGMENT IN A CRIMINAL CASE** |

| | |
|---|---|
| Case Number: | CR-08-00017-001-RAW |
| USM Number: | 04701-063 |

Julia O'Connell
_____
Defendant's Attorney

## THE DEFENDANT:

■ pleaded guilty to count(s)     One of the Indictment

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2250 | Failure to Register Pursuant to Sex Offender Registration and Notification Act | January 11, 2008 | 1 |

    The defendant is sentenced as provided in pages 2 through ____6____ of this judgment.  The sentence is imposed pursuant to Title 18, Section 3553(a) of the United States Criminal Code.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____    ☐ is   ☐ are  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 15, 2008
_____
Date of Imposition of Judgment

_Ronald A. White_
_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma

E.O.D.  07/16/08
_____
Date

DEFENDANT:          STEVE ARBY CHANDLER, II
CASE NUMBER:        CR-08-00017-001-RAW

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
term of:    30 months on Count One.

■  The court makes the following recommendations to the Bureau of Prisons:

That the Bureau of Prisons evaluate the defendant and determine if the defendant is a suitable candidate for the Intensive Drug Treatment
Program.  Should the defendant be allowed to participate in the program, it is further recommended that the defendant be afforded the
benefits prescribed and set out in 18 U.S.C. § 3621(e) and according to Bureau of Prisons' policy.

That the defendant be incarcerated in a Bureau of Prisons facility as close to Oklahoma as possible to facilitate family contact.

The Court shall be informed in writing as soon as possible if the Bureau of Prisons is unable to follow the Court's recommendations,
along with the reasons for not following such recommendations made by the Court.

■  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at  _____  ☐ a.m.  ☐ p.m.  on  _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 12:00 Noon on  _____

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on  _____  to  _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:          STEVE ARBY CHANDLER, II
CASE NUMBER:        CR-08-00017-001-RAW

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :     60 months on Count One.

 

 

   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

       future substance abuse.  (Check, if applicable.)

■     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

■     The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐     The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

   If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14)  the defendant shall submit to urinalysis testing as directed by the Probation Office.

DEFENDANT:          STEVE ARBY CHANDLER, II
CASE NUMBER:        CR-08-00017-001-RAW

# SPECIAL CONDITIONS OF SUPERVISION

1.    The defendant shall attend and participate in a mental health treatment program and/or sex offender treatment program as approved and directed by the Probation Officer.  The defendant shall abide by all program rules, requirements, and conditions of the sex offender treatment program, including submission to polygraph testing, at the defendant's own expense, to determine if the defendant is in compliance with the conditions of release.

2.    The defendant shall not possess or use a computer with access to any "online computer service" at any location, including employment, without the prior written approval of the U.S. Probation Office, to include any Internet services provided, bulletin board system, or any other public or private computer network.

3.    The defendant shall have no contact with children under the age of 18, and shall not go to parks, malls, schools, or other places where children congregate without the permission of the U.S. Probation Office.

4.    The defendant shall not own or possess any type of camera, photographic device and/or equipment, including video recording equipment, without the approval of the Probation Officer.

5.    The defendant shall register as a sex offender in compliance with the state law in which the defendant resides.

6.    The defendant shall submit to a search conducted by a United States Probation Officer of the defendant's person, residence, vehicle, office and/or business at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of probation.  Failure to submit to a search may be grounds for revocation.  The defendant shall not reside at any location without having first advised other residents that the premises may be subject to searches pursuant to this condition.  Additionally, the defendant shall obtain written verification from other residents that said residents acknowledge the existence of this condition and that their failure to cooperate could result in revocation.  This acknowledgment shall be provided to the U.S. Probation Office immediately upon taking residency.

DEFENDANT:              STEVE ARBY CHANDLER, II
CASE NUMBER:            CR-08-00017-001-RAW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $  100.00 | $  0 | $  0 |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| | | |
|---|---|---|
| **TOTALS** | $                    0 | $                    0 |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the     ☐  fine     ☐  restitution.

☐  the interest requirement for the     ☐  fine     ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page  6  of  6

DEFENDANT:        STEVE ARBY CHANDLER, II
CASE NUMBER:    CR-08-00017-001-RAW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due

  ☐  not later than _____ , or
  ☐  in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**  ■  Payment to begin immediately (may be combined with   ☐ C,      ☐ D, or   ■ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ■  Special instructions regarding the payment of criminal monetary penalties:

  Said special assessment of $100 shall be paid through the United States Court Clerk for the Eastern District of Oklahoma, P.O. Box 607, Muskogee, OK 74402, and is due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.